IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EUGENE PHILLIPS | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 10 C 1698 |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF VETERANS AFFAIRS, | ) | The Honorable William J. Hibbler |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eugene Phillips, a veteran, brings this claim against the Department of Veterans Affairs (VA), complaining that the VA has denied him his service-connected disability pension for the past 40-plus years. He claims he is entitled to the VA pension due to a knee injury. According to Phillips, the VA has never provided him with a hearing on this matter in all of the years he has been fighting for his benefits, has lied, and has altered his medical records. The VA now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons state below, the Court grants the motion.

As an initial matter, the Court must respond to some confusion apparent in Plaintiff's response to the motion to dismiss. Phillips complains that the VA's motion fails to comply with Rule 8 of the Federal Rules of Civil Procedure because it does not admit or deny the allegations in his complaint nor present affirmative defenses. Rule 8 does require a defendant to admit and deny all allegations and present any affirmative defenses when filing its answer. Fed. R. Civ. P. 8(b)(1). However, the VA has not yet filed an answer in this case. Instead, the VA filed the instant motion to dismiss pursuant to Rule 12(b)(1). Rule 12 provides defendants with the option

1

of delaying their answer while they file motions to dismiss on the basis of certain defenses, including a lack of subject matter jurisdiction. Fed. R. Civ. P. 12.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss under Rule 12(b)(1), the Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). In order to survive such a motion, a plaintiff must "clearly allege facts that invoke federal court jurisdiction." *Id.* The Court "presume[s] that federal courts lack jurisdiction unless the contrary appears from the record." *Id.* (internal quotation omitted). The Court may consider any relevant evidence the parties submit. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)). However, the parties have submitted no evidence necessary to the Court's ruling in this case, so the Court relies only on the well-pleaded allegations in the complaint.

Through the Veterans Judicial Review Act of 1988 (VJRA), Congress has provided Phillips and other veterans with a clearly delineated path for appealing any decision by the VA denying benefits. Such a decision is appealable first to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). If the veteran disagrees with a decision by the Board, he may then appeal that decision to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction over any such appeal. 38 U.S.C. § 7252(a). Then, if the veteran is still dissatisfied with that court's ruling on a question of law, he may appeal to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292(a). The Federal Circuit has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [§ 7292], and to interpret constitutional and statutory provisions, to the extent

presented and necessary to a decision." Finally, a decision by the Federal Circuit is ultimately appealable upon writ of certiorari to the United States Supreme Court. 38 U.S.C. § 7292(c).

Phillips believes that he may avoid this standard appeals process for two related reasons. First, he notes that he is challenging the constitutionality of the VA's failure to provide him with a hearing, a failure that he believes to be a denial of his rights to due process. Second, he argues that he cannot appeal the VA's decision to deny him benefits because he was never given a hearing and only a decision after a hearing is appealable. Neither of these arguments is compelling.

Perhaps some of Phillips's confusion stems from the Seventh Circuit's interpretation of a prior version of the statutory scheme regarding veterans' claims for benefits in *Marozsan v. United States*, 852 F.2d 1469 (7th Cir. 1988). In that case, the court rejected the government's argument that federal district courts lacked jurisdiction to consider a veteran's challenge to the constitutionality of the procedures followed by the VA in denying benefits. *Id.* at 1472. The court stated that this was the only construction of the statute that avoided grave constitutional questions because to construe it otherwise would cut off the veteran's access to a federal judicial forum for making substantial constitutional challenges to the veterans' benefits statutes, regulations, and implementing procedures. *Id.* at 1474.

However, Congress passed the VJRA later that year, and channeled constitutional challenges such as that raised by Phillips to the Court of Appeals for Veterans Claims, and eventually to the Federal Circuit. *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). By providing veterans with this path for accessing federal courts for review of constitutional challenges, Congress eliminated the concern that was the driving force behind the Seventh Circuit's decision to narrowly interpret the earlier statutory scheme. *Id.* at 973-74. Thus, while

veterans may potentially present a constitutional challenge to the facial validity of the VJRA itself in federal district court, the VJRA vests exclusive jurisdiction over constitutional objections to VA benefits decisions in the Court of Appeals for Veterans Claims and the Federal Circuit. *McCulley v. U.S. Dept. of Veterans Affairs*, 851 F. Supp. 1271, 1282 (E.D. Wis. 1994) (citing *Larrabee by Jones v. Derwinski*, 968 F.2d 1497 (2d Cir. 1992)). Here, Phillips claims that the VA's failure to provide him with a hearing violated his constitutional right to due process, not that the VJRA is unconstitutional on its face. Thus, this court does not have jurisdiction over his claim.

Phillips's second argument is also unavailing. He is not precluded from appealing the VA's denial of benefits merely because he has not yet had a hearing. Phillips states in his complaint that the VA has denied him benefits. The VJRA gives the Board of Veterans' Appeals jurisdiction to review the denial itself. 28 U.S.C. § 7104(a). The Federal Circuit then has jurisdiction to review a claim that the VA violated Phillips's due process rights by failing to provide Phillips with a fair hearing. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

For these reasons, the Court GRANTS Defendant's motions to dismiss.

IT IS SO ORDERED.

3/9/11
Dated

Hon. William J. Hibbler
United States District Court